## AFFIDAVIT OF TASK FORCE OFFICER MICHAEL LINSKEY

I, Michael Linskey, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I have been a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives of the United States Department of Justice ("ATF") since 2010 and I am a Sergeant Detective with the Boston Police Department, where I have worked for more than 30 years. Since joining ATF, I have investigated federal firearms violations which have included participating in the controlled purchases of firearms, surveillance of firearms traffickers, interviews of suspects, participating in search warrants and complaints, and electronic surveillance.

## PURPOSE OF AFFIDAVIT

2. I make this affidavit in support of an application for a criminal complaint charging Naysaan AUSTIN (born 1995) with the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (the "Subject Offense"). As detailed below, there is probable cause to believe that AUSTIN committed the Subject Offense on or about June 16, 2019.

3. The facts set forth in this affidavit come from my personal observations, my training and experience, and the information obtained from other agents, police officers and other sources. I have reviewed reports prepared by law enforcement officers regarding their observations and other facts revealed during this investigation. I submit this affidavit for the limited purpose of establishing probable cause for the issuance of a criminal complaint and arrest warrant, and therefore have only included facts that I believe are necessary to establish probable cause. This affidavit does not include all of the facts uncovered during this investigation.

**RELEVANT LAW**

4. 18 U.S.C. § 922(g)(1) provides, in relevant part, that "[i]t shall be unlawful for any person -- who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

5. In addition, in accordance with *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Government must prove that at the time of the instant offense, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

**BASIS FOR PROBABLE CAUSE**

6. During the evening of June 16, 2019, Boston Police Officers were in the area of Norfolk Street in Dorchester when they observed an unoccupied white scooter parked in front of 170 Norfolk Street. Officers then saw a male, later identified as AUSTIN, wearing red sneakers and a red jacket, leave the residence at 170 Norfolk Street. AUSTIN mounted the scooter and drove away. Officer Matthew Conley then started driving his unmarked police cruiser in the direction of AUSTIN. Before Officer Conley engaged any lights or sirens, AUSTIN jumped off the scooter and started running away. Several officers followed AUSTIN on foot and another officer attempted to follow him with his cruiser. Sergeant Patrick Byrne, who was running after AUSTIN, observed AUSTIN make several manipulations in his waist area as he was running away.

7. AUSTIN continued to run from officers and Officer Antoine Ramos drew his firearm and demanded that AUSTIN get on the ground. AUSTIN again reached towards his

waist area, at which time Officer Conley brought AUSTIN to the ground. Officer Ramos frisked AUSTIN for weapons and removed a black semi-automatic firearm, later identified as a Sig Sauer .22 caliber Mosquito Pistol (the "Sig Sauer .22 Caliber Pistol"), from AUSTIN's front right pants pocket. The firearm was loaded with five rounds of ammunition and its serial number was obliterated. Officers demanded AUSTIN's license to carry a firearm, which he could not produce.

8. The Sig Sauer .22 Caliber Pistol qualifies as a firearm in accordance with 18 U.S.C. § 921(a)(3). I further consulted with ATF Special Agent Matthew Kelsch, who is trained to perform interstate nexus examinations. SA Kelsch reviewed four photos of the Sig Sauer .22 Caliber Pistol and is familiar with this kind of firearm. SA Kelsch concluded that the Sig Sauer .22 Caliber Pistol was manufactured outside the Commonwealth of Massachusetts, and that it, therefore, has affected interstate or foreign commerce.

## AUSTIN'S CRIMINAL HISTORY

9. I have reviewed AUSTIN's criminal history. On November 18, 2015, AUSTIN was convicted in Dorchester District Court of assault with a dangerous weapon, in violation of Massachusetts General Laws ("M.G.L.") chapter 265, section 15B(b). The district court sentenced AUSTIN to 18 months in jail.[1] A violation of chapter 265, section 15B(b) carries a potential penalty of up to two and a half years in jail or five years in state prison. Therefore, AUSTIN has been convicted of at least one offense that is punishable by a term of imprisonment for a term exceeding one year. Moreover, given that AUSTIN was sentenced to a period of incarceration of 18 months, he knew on June 16, 2019, the date of this offense, that he had been

---

[1] The district court initially continued the matter without a finding and placed AUSTIN on probation for two years. AUSTIN subsequently violated his conditions of probation at which time he was found guilty of the offense.

convicted of a crime that was punishable for a term of imprisonment exceeding one year.

## CONCLUSION

10.     Based on the foregoing facts, I submit that there is probable cause to believe that: (a) on June 16, 2019, AUSTIN previously had been convicted of a crime punishable by imprisonment for a term exceeding one year; (b) AUSTIN knew that he had been convicted of a crime with a potential penalty exceeding one year; (c) on June 16, 2019, AUSTIN knowingly possessed a firearm; and (a) the firearm was shipped or transported in, or otherwise affected, interstate or foreign commerce.

WHEREFORE, I respectfully request that the Court issue a criminal complaint charging Naysaan AUSTIN with the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

_____
Michael Linskey
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on September  4 , 2019.

_____
M. Page Kelley
United States Magistrate Judge